IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:22-CT-3382-M-RJ

| | |
|---|---|
| DUANE L. BERRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES ATTORNEY FOR ) | |
| THE EASTERN DISTRICT OF NORTH ) | |
| CAROLINA, ) | |
| ) | |
| Defendant. ) | |

Plaintiff, a federal competency detainee proceeding pro se, filed this civil rights action pursuant to Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). On February 28, 2023, the case was dismissed for failure to prosecute, and plaintiff did not appeal. [D.E. 17]. The matter is now before the court on plaintiff's petition for a writ of mandamus [D.E. 19].

Plaintiff's motion is not the model of clarity. The motion appears to contend "the court must amend the caption and jurisdiction of this case" on the basis that a stay and warrants were issued in a separate case by the United States Court of Appeals for the Eleventh Circuit (Writ Mandamus [D.E. 19) at 1). Approximately 28 pages of attachments are included, most of which appear to be related to a case plaintiff has filed with the Eleventh Circuit. (Id. at 4–27).

Mandamus is a drastic remedy that may be invoked only in extraordinary situations. Kerr v. U.S. Dist. Court for the N. Dist. of Cal., 426 U.S. 394, 402 (1976); Cumberland Cty. Hosp. Sys., Inc. v. Burwell, 816 F.3d 48, 52 (4th Cir. 2016). Mandamus is available only if the movant "exhausted all other avenues of relief" and is owed a "nondiscretionary duty." Heckler v. Ringer,

466 U.S. 602, 616–17 (1984); In re Beard, 811 F.2d 818, 826 (4th Cir. 1987) ("The party seeking mandamus relief carries the heavy burden of showing that he has no other adequate means to attain the relief he desires and that his right to such relief is clear and indisputable." (quotations omitted)).

Plaintiff provides no explanation supporting his assertion that warrants and a stay issued in the Eleventh Circuit justify such a drastic remedy. Thus, plaintiff fails to show clear entitlement to this extraordinary remedy.

## CONCLUSION

For the reasons discussed above, plaintiff's petition for a writ of mandamus [D.E. 19] is DENIED. The clerk is DIRECTED not to accept further filings in this matter, excepting a notice of appeal of this order.

SO ORDERED, this the 28th day of March, 2024.

RICHARD E. MYERS, II
Chief United States District Judge